# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | CASE NO.    1:20 CR 00472 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| AARON M. DUNNINGS, | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Aaron Dunnings's (hereinafter Mr. Dunnings) Motion to Reopen the Time to File a Notice of Appeal and his subsequent motions to proceed pro se and for transcript without payment of costs. (ECF # 38-40). Mr. Dunnings seeks to appeal the judgment against him and argues that he would have received a more favorable sentence pursuant to the First Step Act of 2018. Pub. L. No. 115-391; (ECF #38).

## Background

On September 3, 2020, Mr. Dunnings was charged in a four-count indictment with two counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).(ECF #10). On November 30, 2020, Mr. Dunnings entered a plea of guilty to the indictment without a plea agreement. (ECF #19). A pre-sentence investigative report was prepared and calculated a guideline range of 110-

137 months. (ECF #24). On March 22, 2021, the Court varied downwards and sentenced Mr. Dunnings to 63 months imprisonment. (ECF #29).  On April 8, 2022, Mr. Dunnings filed a motion to reopen the time to file an appeal, a motion to proceed pro se, and a motion for a transcript without costs. (ECF #38-40). The government filed its response on April 14, 2022. (ECF #41).

**Legal Standard**

Under Rule 4(b)(1) of the Federal Rules of Appellate Procedure, a defendant in a criminal case must file a notice of appeal in the district court within 14 days after the later of: (i) the entry of either the judgment or order being appealed; or (ii) the filing of the government's notice of appeal. Under Rule 4(b)(4), "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Any extension must be requested within 30 days of the original deadline to file a notice of appeal. *United States v. Doltz*, 455 F.3d 644, 647 (6th Cir. 2006).

**Analysis**

The government did not file a notice of appeal. As a result, Mr. Dunnings had to file a notice of appeal on or by April 5, 2021. Mr. Dunnings failed to file his notice of appeal within 14 days of the entry of the Judgment. Mr. Dunnings also failed to file any motion to extend the period of time in which to file a notice of appeal within 30 days of the April 5th deadline. Mr. Dunnings argues that he would have received a more favorable sentence pursuant to the First Step Act of 2018; however, this Act was in operation at the time of his sentencing. Mr. Dunnings cannot show excusable neglect or good cause for his failure to file a notice of appeal. In addition,

2

Mr. Dunnings already received a considerable downward variance which was outside of any consideration of the First Step Act.

For the reasons set forth above, Mr. Dunnings's Motion to Reopen the Time to File an Appeal is DENIED. As a result, his Motion to Proceed Pro Se and his Motion for Transcript without Payment of Costs are also DENIED.

IT IS SO ORDERED.


Donald C. Nugent
United States District Judge

DATED: April 14, 2022

3